# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDMOND WADE GREEN, ) | |
| ) | |
| Petitioner, ) | 3:11-cv-00455-ECR-VPC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BRIAN E. WILLIAMS, SR., *et al.*, ) | |
| ) | |
| Respondents. ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has filed a motion to proceed *in forma pauperis* (ECF No. 7) but has also submitted the $5.00 filing fee (ECF No. 8). Accordingly, the court denies the motion to proceed *in forma pauperis* as moot.

Petitioner moves the court for the appointment of counsel. (ECF No. 5.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*,

481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex. Therefore, petitioner's motion for counsel shall be denied.

**IT IS THEREFORE ORDERED** that petitioner's motion to proceed *in forma pauperis* (ECF No. 7) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the petition (ECF No. 1) upon the respondents. A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any statement of additional claims. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

1  **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General
2  of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration
3  by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the
4  date that a true and correct copy of the document was mailed to the Attorney General. The court may
5  disregard any paper that does not include a certificate of service. After respondents appear in this action,
6  petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

9  DATED this 28th day of September 2011.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE

3