1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

12  EDMOND WADE GREEN,                    )
                                          )
13              Petitioner,               )          3:11-cv-00455-ECR-VPC
                                          )
14  vs.                                   )          **ORDER**
                                          )
15  BRIAN E. WILLIAMS, SR., *et al.*,     )
                                          )
16              Respondents.              )
    _____/
17

18          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner,

19  a state prisoner, is proceeding *pro se*.  Before the court is respondents' motion to dismiss.  (ECF No.

20  12.)  Petitioner has opposed the motion (ECF No. 17), and respondents have replied (ECF No. 22).

21  After a thorough review, the court grants the motion to dismiss and dismisses the petition as

22  untimely.

23  **I.      Procedural History and Background**

24          On March 18, 1997, the State of Nevada filed an information in the Second Judicial District

25  Court for the State of Nevada ("District Court") charging petitioner with one count of murder.

26

(Case No. 2:07-cv-00605-KJD-GWF, ECF No. 18, Ex. 10.)[1]  After a jury trial, the jury returned a verdict finding petitioner guilty of murder in the first degree with use of a deadly weapon.  (*Id*. ECF No. 23-5, Ex. 69.)  Petitioner was sentenced to life imprisonment with the possibility of parole plus a consecutive term of life imprisonment with the possibility of parole for use of a deadly weapon.  (*Id*. ECF No. 24 at  25.)  The District Court issued its judgment of conviction on February 10, 1998. (*Id*.) Petitioner appealed.  (*Id*. at 16.)  On August 12, 1999, the Nevada Supreme Court affirmed petitioner's convictions and dismissed his appeal.  (*Id*. ECF No. 24-5, Ex. 105.)

On April 20, 2000, petitioner filed a post-conviction petition in state District Court.  (*Id*. Ex. 108.)  The District Court denied the petition on December 5, 2005.  (*Id*. ECF No. 25-5 at 3-8.) Petitioner appealed the District Court's denial of his petition.  (*Id*. Ex. 140.)  On January 9, 2007, the Nevada Supreme Court affirmed the District Court's denial of petitioner's post-conviction petition.  (*Id*. ECF No. 25-8, Ex. 159)  Remittitur issued on February 12, 2007.  (*Id*. Ex. 161.)

Petitioner dispatched his first federal petition for writ of habeas corpus to this court on May 2, 2007.  (*Id*. ECF No. 6.)  On March 5, 2009, the court dismissed the petition without prejudice because all grounds asserted in the petition were unexhausted.  (*Id*. ECF No. 41.)

On May 20, 2009, petitioner filed his second post-conviction petition in state District Court. (Case No. 3:11-cv-00455-ECR-VPC, ECF No. 13-14, Ex. 175.)  The District Court denied petitioner's second petition on March 11, 2010.  (*Id*. ECF No. 13-24, Ex. 185.)   Petitioner appealed. (*Id*. ECF No. 13-26, Ex. 187.)  On December 10, 2010, the Nevada Supreme Court affirmed the District Court's denial of petitioner's second post-conviction petition.  (*Id*.)

---

[1]     The exhibits referenced in this order are found in petitioner's first federal habeas corpus action, case number 2:07-cv-00605-KJD-GWF, at ECF Nos. 16-26 and in the instant action at ECF No. 13.  The court may take judicial notice of court records.  *See United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir.1980) (stating that judicial notice may be taken of a court's records in other cases, or the records of an inferior court in another case).  The court hereby takes judicial notice of the records in case 2:07-cv-00605-KJD-GWF.

1    In May 2011, petitioner filed an application to file a second or successive § 2254 petition in

2  the Ninth Circuit Court of Appeals.  (*Id.* ECF No. 2.)  The Ninth Circuit concluded that such an

3  authorization was not necessary and transferred the petition to this court for filing as an original

4  habeas petition, directing the court to deem the petition filed as of May 3, 2011.  (*Id.*)

5  **II.     Discussion**

6    Respondents argue in their motion to dismiss that the petition must be dismissed as untimely.

7  In opposition to the motion to dismiss, petitioner argues that a state-created impediment and a

8  fundamental miscarriage of justice warrant tolling of the statute of limitations.

9    **A. Statute of Limitations**

10    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

11  1996 ("AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas

12  corpus filed after the date of its enactment.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*,

13  114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant

14  petition was filed on June 16, 2011, and thus, it is subject to the provisions of the AEDPA.

15    The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

16  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

17  (d) reads:

18     (1)  A 1-year period of limitation shall apply to an application
       for a writ of habeas corpus by a person in custody pursuant to the
19     judgment of a State court.  The limitation period shall run from
       the latest of –

20
        (A) the date on which the judgment became final by the
21     conclusion of direct review or the expiration of the time for
       seeking such review;

22
        (B) the date on which the impediment to filing an
23     application created by State action in violation of the
       Constitution or laws of the United States is removed, if the
24     applicant was prevented from filing by such State action;

25

26
                                    3

1          (C) the date on which the constitutional right asserted was
2   initially recognized by the Supreme Court, if the right has been
    newly recognized by the Supreme Court and made retroactively
3   applicable to cases on collateral review; or

4          (D) the date on which the factual predicate of the
    claim or claims presented could have been discovered
5   through the exercise of due diligence.

6          (2) The time during which a properly filed application
    for State post-conviction or other collateral review with
7   respect to the pertinent judgment or claim is pending shall
    not be counted toward any period of limitation under this
8   subsection.

9          A "properly filed application" is one in which the "delivery and acceptance are in

10  compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d

11  724, 726-27 (9th Cir. 2001) (quoting *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000)).  Time

12  limits on post-conviction petitions are "condition[s] to filing," such that an untimely petition would

13  not be deemed "properly filed."  *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005).  With respect to

14  the filing of a federal petition for writ of habeas corpus, a *pro se* petitioner effectively files a federal

15  petition when he delivers it to prison authorities for mailing to the court. *Stillman v. Lamarque*, 319

16  F.3d 1199, 1201 (9th Cir. 2003).

17         Here, petitioner argues that subsection (B) of 28 U.S.C. § 2244(d)(1) applies to this case.

18  According to petitioner, because he is denied physical access to the law library in prison and must

19  rely on an "exact citation runner paging system," it took him almost ten years to discover a claim

20  based on *Byford v. State*, 994 P.2d 700 (2000). Petitioner argues that if he had been able to physically

21  access the law library, he would have learned of the *Byford* decision and would have timely raised a

22  claim based on that decision.  Due to these circumstances, petitioner argues that the court should

23  consider his petition timely.

24         Because there "is no constitutional right to file a timely § 2254 petition," a petitioner "is

25  entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if [the state

26

4

1    created impediment] altogether prevented him from presenting his claims in *any* form, to any court."

2    *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasis in original) (citing *Lewis v. Casey*,

3    518 U.S. 343, 350-51 (1996)).  To show that § 2244(d)(1)(B) applies, a petitioner "must satisfy a far

4    higher bar than that for equitable tolling."  *Id*.  In *Ramirez*, the court held that the petitioner failed to

5    show that his constitutional right of access to the courts was impeded for purposes of §2244(d)(1)(B)

6    because he had filed state petitions presenting his constitutional claims and had filed a well-

7    researched motion in federal court during the relevant time period.  *Id*.

8            In this case, petitioner filed a *pro se* post-conviction petition in state District Court on April

9    20, 2000, in which he raised twenty claims of constitutional error.  (Case No. 2:07-cv-00605-KJD-

10   GWF, ECF No. 24-5 at 13, ECF No. 24-6 at 1-17.)  On October 18, 2007, petitioner filed his first

11   federal petition for writ of habeas corpus in which he raised four claims of constitutional error.  (*Id*.

12   ECF No. 6.)  On June 26, 2008, petitioner filed a well-researched opposition to respondents' motion

13   to dismiss (*Id*.  ECF No. 33), and on May 20, 2009, petitioner filed his second post-conviction

14   petition in state District Court, raising a constitutional claim based on *Byford* (Case No. 3:11-cv-

15   00455-ECR-VPC, ECF No. 13-14, Ex. 175.)  Thus, petitioner's filings show that despite the method

16   by which he was required to access legal materials, he was not prevented from presenting his claims

17   in some form to several courts.

18           Moreover, even assuming, for purposes of argument only, that the one-year AEDPA

19   statute of limitations commenced on May 20, 2009—the day petitioner filed his second state post-

20   conviction petition raising his claim based on *Byford*—his instant petition would still be untimely.

21   In affirming the District Court's denial of petitioner's second post-conviction petition, the Nevada

22   Supreme Court concluded that the petition was untimely.  (*Id*. ECF No. 13-26, Ex. 187.)  An

23   untimely state petition is not "properly filed," and consequently does not toll the federal one-year

24   statute of limitations under 28 U.S.C. § 2244(d)(2).  *Allen v. Siebert*, 552 U.S. 3, 7 (2007).  Petitioner

25   did not dispatch his instant petition until May 3, 2011—over one year and eleven months after he

26

5

was unquestionably able to raise his *Byford* claim in his second state post-conviction petition. Accordingly, because  petitioner's filings show that despite the method by which he was required to access legal materials, he was not prevented from presenting his claims in some form to several courts, subsection (B) is inapplicable to this case.  Additionally, even if subsection (B) were to apply, the instant petition would neverthelesss be untimely.

Having concluded that subsection (B) does not apply, the court proceeds to determine the timeliness of the petition under subsection (A).  Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  In this case, the District Court entered the judgment of conviction on February 10, 1998.  The Nevada Supreme Court's order of affirmance on direct review was issued on August 12, 1999.  Petitioner had ninety days from that date, until November 10, 1999, to seek certiorari with the United States Supreme Court.  *See Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999).  Petitioner's conviction became final on November 10, 1999, which is 90 days after the Nevada Supreme Court issued its order of affirmance.  United States Supreme Court Rules, Rule 13(1).  The AEDPA one-year statute of limitations began to run on November 11, 1999.  Petitioner had until November 11, 2000, to file his federal habeas petition, unless time was otherwise tolled by federal statute.

## B.      Statutory Tolling

As discussed above, under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a post-conviction petition remains pending in state court, so long as the petition is "properly filed." When a petition for state post-conviction relief is rejected as untimely by the state courts, it is not "properly filed" under § 2244(d)(2).  *Allen v. Siebert*, 552 U.S. 3, 7 (2007).  In this case, petitioner filed his first petition for post-conviction relief in state court on April 20, 2000.  On appeal from the District Court's denial of post-conviction relief, the Nevada Supreme Court concluded that the petition was timely filed.  (Case No. 2:07-cv-00605-KJD-GWF, ECF No. 25-8, Ex. 159 at 1.)  After

affirming the District Court's denial of the first post-conviction petition, the Nevada Supreme Court issued its remittitur on February 12, 2007.  Thus, the statute of limitations was tolled while petitioner's first post-conviction petition was pending—from April 20, 2000, until February 12, 2007.

On May 20, 2009, petitioner filed his second petition for post-conviction relief in state court.  However, in its order affirming the District Court's denial of petitioner's second state post-conviction petition, the Nevada Supreme Court concluded that the petition was untimely under Nev. Rev. Stat. § 34.726(1).  The Nevada Supreme Court found that petitioner failed to show good cause to excuse the untimely filing and affirmed the denial of the petition on untimeliness grounds.  Accordingly, because petitioner's second state post-conviction petition was untimely, the post-conviction proceedings in state court pertaining to the second post-conviction petition did not toll the AEDPA statute of limitations.

Additionally, the statute of limitations is not tolled while a federal habeas corpus proceeding is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Thus, tolling is unavailable during the time period during which petitioner litigated his first federal habeas petition in this court.

In sum, from November 10, 1999, until April 20, 2000, 162 days elapsed.  From February 13, 2007, until May 3, 2011—the date the instant petition is deemed filed in this court—1,540 days elapsed.  Commencing on November 11, 1999, petitioner had 365 days to timely filed his federal petition.  Thus, absent other tolling, the instant petition is untimely by approximately 1,337 days.

**C.    Equitable Tolling**

In addition to the statutory tolling provided in 28 U.S.C.§ 2244 (d)(2), the AEDPA limitations period is subject to equitable tolling.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)*; see Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530

(9th Cir. 1998).  Equitable tolling is available only "if extraordinary circumstances beyond a

prisoner's control make it impossible to file a petition on time."  *Beeler*, 128 F.3d at 1288.

     *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law

governing equitable tolling of the AEDPA statute of limitations:

>     As we have previously held, "[w]hen external forces, rather
> than a petitioner's lack of diligence, account for the failure to file a
> timely claim, equitable tolling of the statute may be appropriate."
> *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also*
> *Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283,
> 1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon*
> *v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc)
> (petitioner entitled to equitable tolling where petitioner's counsel
> withdrew and left replacement counsel with unusable work product
> that made timely filing impossible); *Kelly*, 163 F.3d at 541-42
> (petitioner entitled to equitable tolling because the district court
> ordered a stay preventing petitioner's counsel from filing a timely
> habeas petition and because petitioner was allegedly mentally
> incompetent).

*Tillema*, 253 F.3d at 504; *see also Holland v. Florida,* 130 S.Ct. 2549, 2562-63 (2010).

     The Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable

in most cases.  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d

1104, 1107 (9th Cir. 1999).  Equitable tolling is only appropriate "if *extraordinary* circumstances

beyond a prisoner's control make it impossible to file a petition on time."  *Miranda*, 292 F.3d at

1066 (quoting *Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997),

*overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530

(9th Cir. 1998)(*en banc*))(emphasis in original).  "Indeed, 'the threshold necessary to trigger

equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292

F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

     The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he

shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing."  *Holland*, 130 S.Ct. at 2562 (quoting

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Court made clear that the "exercise of a

court's equity powers . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted).  In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

Here, assuming without deciding that petitioner is entitled to equitable tolling based on the method by which he was required to access legal materials, his petition is, nevertheless, untimely. As discussed above, even if the one-year AEDPA statute of limitations commenced on May 20, 2009—the day petitioner filed his second state post-conviction petition raising his claim based on *Byford*—his instant petition would still be untimely.  In affirming the District Court's denial of petitioner's second post-conviction petition, the Nevada Supreme Court concluded that the petition was untimely.  (*Id*. ECF No. 13-26, Ex. 187.)  An untimely state petition is not "properly filed," and consequently does not toll the federal one-year statute of limitations under 28 U.S.C. § 2244(d)(2). Petitioner did not dispatch his instant petition until May 3, 2011—over one year and eleven months after he was indisputably able to raise his *Byford* claim in his second state post-conviction petition. Accordingly, even if the court were to equitably toll the statute of limitations until May 20, 2009, his petition would still have been filed outside the one-year statute of limitations.

### D.    Actual Innocence

Petitioner argues that he is actually innocent of first-degree murder and that this court's failure to address his claims will result in a fundamental miscarriage of justice.

The Ninth Circuit has held that the "actual innocence" gateway, under *Schlup v. Delo*, 513 U.S. 298 (1995), is available to avoid dismissal of a petition that otherwise would be time-barred under § 2244(d).  *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011) (en banc).

1    Under *Schlup*, "actual innocence" is established when, in light of all the evidence, "it is

2   more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v.*

3   *United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28). A petitioner must

4   establish his factual innocence of the crime, and not mere legal insufficiency. *Id.*; *Jaramillo v.*

5   *Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). Moreover, "[t]o be credible, [a claim of actual

6   innocence] requires petitioner to support his allegations of constitutional error with new reliable

7   evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

8   physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*,

9   523 U.S. 538, 559 (1998). Therefore, a petitioner cannot meet the gateway actual-innocence

10   standard by merely alleging that there was insufficient evidence presented at trial to support a finding

11   of guilt. *See House v. Bell*, 547 U.S. 518, 538 (2006).

12    In this case, petitioner contends that the jury submitted a question during their deliberations

13   that demonstrated that they were confused and believed that petitioner was actually innocent of first-

14   degree murder. According to petitioner, because a faulty jury instruction was used at his trial, the

15   state failed to prove that he had the necessary mental state for first-degree murder. Furthermore,

16   petitioner argues that the trial judge noted that the weight of the evidence was not so great as to make

17   the case "an open and shut case." Petitioner's argument fails to satisfy the exacting standard

18   required by *Schlup*. Petitioner's argument merely goes the legal insufficiency of his conviction.

19   Petitioner does not support his allegations with new reliable evidence going to his factual innocence

20   of the crime. Accordingly, petitioner fails to show that his is one of the rare cases where his actual

21   innocence allows this court to reach his otherwise time-barred claims. Therefore, the court dismisses

22   the petition as untimely. [2]

23   **III. Certificate of Appealability**

24

25    [2] Because the court finds that the petition is time-barred, it declines to reach the other arguments raised by respondents.

26

10

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

     **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 12) is **GRANTED**.

     **IT IS FURTHER ORDERED** that the petition (ECF No. 1) is **DISMISSED IN ITS ENTIRETY**, as untimely.

     **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

/ / /
/ / /
/ / /
/ / /
/ / /

1    **IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT**

2  **ACCORDINGLY.**

3

4    DATED this 7th day of September 2012.

5

6                                         _____
                                         UNITED STATES DISTRICT JUDGE
7

8

9  Green v.  Williams
10 3:11-cv-00455-ECR-VPC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

12