**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDMOND WADE GREEN,<br>    Petitioner,<br>vs.<br>BRIAN E. WILLIAMS, SR.,<br>    Respondents. | Case No. 3:11-cv-00455-HDM-VPC<br><br>**ORDER** |

The court dismissed this action because it was untimely. Order (#24). Before the court are petitioner's motion for reconsideration (#26), respondents' opposition (#31), and petitioner's reply (#32). Because this action is on appeal, this court lacks authority to grant the motion, but it may:

   (1) defer considering the motion;

   (2) deny the motion; or

   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). The court will deny the motion.

**Actual Innocence**

Petitioner's first argument is that actual innocence excuses the operation of the statute of limitations, 28 U.S.C. § 2244(d)(1). The court can excuse the application of a procedural

bar if a constitutional error in the criminal proceedings "resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner can present such a claim "if all the evidence, including new evidence, makes it 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). In a case involving a guilty plea, the evidence must show actual innocence of the charges dropped in exchange for the plea, as well as the charges to which the defendant pleaded guilty. Id. at 624. Actual innocence can excuse application of § 2244(d). McQuiggin v. Perkins, 133 S. Ct. 1924 (2013).

Petitioner argues that the prosecution withheld exculpatory forensic evidence from the defense. Petitioner points to two reports. One describes items collected around the area where the body of Roberta Bendus, the victim in petitioner's case, was found. Another report describes the comparison of hairs recovered from the site of Bendus' recovery with hairs found in a storage unit rented by David Middleton. At the time, Middleton was a suspect in the murder of Bendus, but eventually police charged petitioner with the

-2-

1  murder of Bendus.[1]  Petitioner also argues that a witness testified
2  a trial that a .22-caliber bullet was recovered from his van after
3  a voluntary search, but the report of the detective states that no
4  property was taken from his van.
5       Petitioner did not present this argument for actual innocence
6  in his opposition to respondents' motion to dismiss (#17).
7  Petitioner argues that he did not discover these issues until after
8  the court ruled upon the motion to dismiss.  Petitioner is
9  incorrect.  At trial, Ed Shipp, an investigator, testified that he
10 recovered a .22-caliber bullet from petitioner's van.  Ex. 61, at
11 169-71 (#21).[2]  Counsel could have cross-examined Shipp, or the
12 detective who signed the release report that no property was taken
13 from the van, about the possible discrepancy.[3]  As for the reports
14 that petitioner claims were withheld, counsel actually cross-
15 examined John Yaryan, a detective, about those very reports and
16 about why Middleton originally was a suspect.  Ex. 61, at 123-30
17 (#21).  Petitioner could have raised this argument of actual
18 innocence in his opposition, and not waited until he filed his
19 motion for reconsideration.

---

[1]Middleton was convicted of murdering two other women. <u>Middleton v. State</u>, 968 P.2d 296 (Nev. 1998).  He is seeking habeas corpus relief in this court, Case No. 3:09-cv-00638-KJD-WGC, and the petition is stayed while he returns to state court to exhaust his available remedies.

[2]Citations to exhibits, and their docket numbers, refer to petitioner's first federal habeas corpus action, Case No. 2:07-cv-00605-KJD-GWF.

[3]The court is unaware whether a spent bullet is "property" within the meaning of property being removed from a vehicle.

-3-

1  Furthermore, petitioner's argument fails the test for actual
2 innocence.  The evidence that petitioner claims would lead the jury
3 to have acquitted him had that evidence been presented at trial
4 actually was presented at trial.  The evidence was not new evidence
5 that could pass through the actual-innocence gateway.  See <u>Schlup</u>,
6 513 U.S. at 324.

### Ineffective Assistance of Post-Conviction Counsel

Petitioner also argues that the court should reconsider its dismissal of this action because of the ineffective assistance of his post-conviction counsel, Scott Edwards.  Eight days before petitioner filed his opposition to the motion to dismiss (#17), the Supreme Court of the United States held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a <u>procedural default</u> will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

<u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1320 (2012) (emphasis added).  The court finds unpersuasive respondents' argument that petitioner could have argued <u>Martinez</u> in his opposition.  Petitioner dated his opposition, and certified that he mailed it to the court and to respondents, three days after the decision in <u>Martinez</u>.  Even if petitioner's prison receives advance sheets from the Supreme Court of the United States, it probably would have taken longer than that for the prison to receive the advance sheet of <u>Martinez</u> in the mail.

Petitioner raises his <u>Martinez</u> argument in the context of the jury instruction defining the elements of premeditation, willfulness, and deliberation, as part of first-degree murder.  The

-4-

jury in petitioner's trial received the instruction approved by Kazalyn v. State, 825 P.2d 578 (Nev. 1992). Later, the Nevada Supreme Court held that the Kazalyn instruction blurred the distinction between premeditation and deliberation; the Nevada Supreme Court determined that, prospectively, new instructions that defined all three elements separately should be given. Byford v. State, 994 P.2d 700, 713-14 (Nev. 2000). Then, the Nevada Supreme Court held that Byford was a change in state law. The Kazalyn instruction was the correct instruction before Byford, and thus Byford did not apply to a judgment of conviction that became final before that decision was issued. Nika v. State, 198 P.3d 839, 849-50 (Nev. 2008). The court of appeals has held that such a change in state law does not violate the federal constitution's guarantees of due process. Babb v. Lozowsky, 719 F.3d 1019 (9th Cir. 2013) (abrogating Polk v. Sandoval, 503 F.3d 903 (9th Cir. 2007)).

Petitioner's Martinez argument has three defects. First, Martinez is not relevant to the dismissal of this action. The holding in Martinez is very limited. In particular, "procedural default" refers to a preclusion of federal habeas corpus review because the state courts determined that a state-law reason that is both adequate and independent of federal law barred review. See Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). This court did not dismiss the action because state law had procedurally defaulted petitioner's claims. This court dismissed the action because it was untimely under federal law, 28 U.S.C. § 2244(d)(1). Martinez is not applicable to the timeliness of federal habeas corpus petitions.

1    Second, even if <u>Martinez</u> applied to untimely federal habeas
2 corpus petitions, it would not prevent the dismissal of the entire
3 petition.  <u>Martinez</u> applies only to claims of ineffective
4 assistance of trial counsel.  Ground 1 of the petition is a
5 challenge to the <u>Kazalyn</u> instruction itself.  Ground 2 is a claim
6 that trial counsel provided ineffective assistance because they did
7 not object to the <u>Kazalyn</u> instruction.  Ground 3 is a claim of
8 ineffective assistance of appellate counsel, incorporating by
9 reference grounds 1 and 2.  Of the three grounds, <u>Martinez</u> would
10 save only ground 2, because it is the only claim of ineffective
11 assistance of trial counsel.
12    Third, even if <u>Martinez</u> applied to untimely federal habeas
13 corpus petitions, petitioner does not have a valid claim of
14 ineffective assistance of trial counsel.  As noted above, the
15 <u>Kazalyn</u> instruction was good law for defendants whose convictions
16 for first-degree murder became final before the decision in <u>Byford</u>.
17 Petitioner's judgment of conviction was entered on February 10,
18 1998.  Ex. 81.  Petitioner appealed, and the Nevada Supreme Court
19 affirmed on August 12, 1999.  Ex. 105.  The remittitur issued on
20 September 14, 1999.  Ex. 107.  The time to petition the Supreme
21 Court of the United States for a writ of certiorari expired on
22 November 10, 1999.  Sup. Ct. R. 13(1).  The Nevada Supreme Court
23 decided <u>Byford</u> on February 28, 2000.  Petitioner's argument that
24 his judgment of conviction is not final until the conclusion of
25 post-conviction proceedings is incorrect.  Under state law, the
26 judgment becomes final upon issuance of the remittitur.  <u>See</u> <u>Wood</u>

v. State, 104 P.2d 187 (Nev. 1940).[4]  Babb has held that the change in the instruction is solely a matter of state law, but if federal law regarding the finality of a judgment of conviction applied, the judgment becomes final upon expiration of the time to petition for a writ of certiorari. See Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009) (applying finality to 28 U.S.C. § 2244(d)(1)). See also Caspari v. Bohlen, 510 U.S. 383, 390 (applying finality to retroactivity analysis). Regardless of which law applies, petitioner's judgment of conviction became final before the Nevada Supreme Court issued Byford. Byford is inapplicable to petitioner. Counsel could not have succeeded in challenging the Kazalyn instruction, and thus counsel did not provide ineffective assistance.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (#26) is **DENIED**.

DATED: August 16, 2013.

_____
HOWARD D. MCKIBBEN
United States District Judge

---

[4] Nevada allows a stay of the issuance of the remittitur while a certiorari petition is pending in the Supreme Court of the United States. Nev. R. App. P. 41(b). Petitioner did not petition for a writ of certiorari.